IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SADAKA T. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15CV12-MHT |
| | ) | |
| SIBLEY G. REYNOLDS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Sadaka Davis, proceeding *pro se*, has filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

In a related civil action (Civil Action No. 2:15cv11-MHT) which plaintiff filed in this court concurrently with the present action, plaintiff sues Judge Rhonda Jones-Hardesty of the Chilton County District Court for violating plaintiff's due process rights while presiding over an unlawful detainer action brought against the plaintiff by Edgar Castleberry.[2] In the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

[2] The undersigned Magistrate Judge has recommended dismissal of plaintiff's claims against Judge Jones-Hardesty.

instant lawsuit, plaintiff sues Judge Sibley G. Reynolds of the Circuit Court of Chilton County, Alabama, the presiding judge in plaintiff's pending appeal (Circuit Court Case No. CV 2014-65)[3] of the judgment entered by Judge Jones-Hardesty in the unlawful detainer action in district court.  Plaintiff seeks judgment against Judge Reynolds for damages in the amount of $1,000,000 for pain and suffering due to "losing [his] home without due process." (Complaint, ¶ 6).

## Plaintiff's Allegations Regarding Judge Reynolds' Conduct

According to plaintiff's allegations and the court documents he has attached to his complaint, Judge Reynolds's actions giving rise to plaintiff's claims are as follows:

On November 18, 2014, plaintiff filed a notice of appeal from the district court's judgment, and Judge Reynolds was assigned as the presiding judge. The following day, Judge Reynolds entered an order allowing plaintiff to proceed on the basis of his affidavit of substantial hardship.  (Doc. # 1, ¶ 5; Doc. # 1-1; Doc. # 1-2, pp. 2, 5-7).  On November 26, 2014, Judge Reynolds entered a "writ of possession" commanding "any lawful officer" of Chilton County "to restore the Plaintiff [Edgar Castleberry] to possession of the land and tenements which the Plaintiff recovered of the Defendant in an action of Unlawful Detainer on the 20th day of November, 2014, at 405 2nd St. S. Clanton, AL 35045."  (Doc. # 1-2, p. 11). On December 2, 2014, a police officer went to plaintiff's home and told him that he and his family had to leave the property by December 11, 2014.  Plaintiff traveled to the

---

[3] See Doc. # 1-2, p. 7 (Case Action Summary) and p. 11 (Writ of Possession).

courthouse, spoke to the Clerk of the Court, and, thereafter, "went to Judge Sibley Reynolds for answers." Judge Reynolds told plaintiff that "a writ of possession was ordered on [him] in the Circuit Court to pay the money [Castleberry] says [he] owe[s]." (Doc. # 1-1, pp. 1-2). According to plaintiff, he was not served with "any legal papers stating [he] had to pay," he cannot afford to pay the $1,500 to Castleberry, and he asserts that he does not "owe any at all." (Id., p. 2). On December 5, 2014, plaintiff filed a motion asking Judge Reynolds to set aside the writ of possession because: (1) his family had no money to move and no place to go; (2) the court record did not include all of the facts or evidence because plaintiff declined to submit it "until Juris[]diction is proven"; (3) the case was pending on appeal to the circuit court; and (4) he was not served with "legal papers" when the writ of possession was filed. (Doc. # 1-2, p. 8). That same day, Judge Reynolds set the motion for hearing at 9:00 a.m. on December 16, 2014. (Id. at p. 9).

On Friday, December 12, 2014, plaintiff filed a motion asking that the hearing be rescheduled, stating that he "can not attend date set for 12/16/2014 due to religion trip 7 day before Christmas[.]" (Id., p. 10). Plaintiff alleges that he did not receive any mail from the court before December 16, 2014, denying his motion to reschedule and that, "[o]n 12-18-2014 Reynolds ordered all law enforcement officers to have my family put out with no eviction process to give us time to relocate"; plaintiff returned to his home to find that law enforcement officers had kicked in his door and the "owner and his guys he had with him" were throwing out plaintiff's family's belongings. (Doc. # 1-1, p. 3). Plaintiff alleges that,

3

as of December 23, 2014, he had received only transmittal papers from the court, and was still awaiting trial by jury. (Id., p. 1). Plaintiff further alleges that he challenged the jurisdiction of the court in another case before Judge Reynolds (Terhonda Lashae Davis v. Sadaka Tyqua Davis, Chilton County Circuit Court Case No. DR-2014-900065.00),[4] that "[t]here was no more contact about this case after the court date," and that the defendant judge has "not supplied evidence of jurisdiction" in either the domestic relations case or the unlawful detainer action.  (Doc. # 1-2, p. 12; Doc. # 1, p. 1, ¶ 5).

---

[4] Plaintiff alleges that "Judge Reynolds have not supplied evidence of jurisdiction on Terhonda Davis -V- Sadaka Davis Case # DR-2014-900065.00." (Doc. # 1, p. 1, ¶ 5).  He further alleges, in a handwritten statement attached to his complaint, that Judge Reynolds "has not showed Jurisd[]iction from case Terhonda Davis -vs- Sadaka Davis Case # DR-2014-90065.00[.] I challenged the juris[]diction of the court in the presen[ce] of a court reporter for the record and Reynolds has not provided Juris[]diction for the record in that case[.]" (Doc. # 1-1, p. 4).  Plaintiff repeats the allegation in the sworn statement he provides on the judicial inquiry complaint form attached to his complaint. (See Doc. # 1-2, p. 1)("Reynolds haven't provided proof of jurisdiction since July 24, 2014 Case # DR-2014-900065.00"). Plaintiff attaches to his complaint a copy of Judge Reynolds' order setting a hearing date for a motion to set aside the final decree in Case No. DR-2014-900065.00, which bears plaintiff's handwritten annotation, "I challenged the Jurisdiction on this case. There was no more contact about this case after the court date." (Doc. # 1-2, p. 12).

The court finds that plaintiff has incorporated the state court's record of proceedings in Case No. DR-2014-900065.00 by reference and that the complaint in that action is central to plaintiff's claim that Judge Reynolds violated plaintiff's constitutional rights by failing to provide evidence of his jurisdiction to entertain the civil action initiated by that complaint. Additionally, in evaluating the present complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may take judicial notice of the cause of action asserted in the complaint filed by Terhonda Davis.  See LaGrasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004)("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."); Davis v. Self, 547 F. App'x. 927, 929-30 (11th Cir. Nov. 19, 2013)(unpublished opinion)(finding no error in district court's taking judicial notice, in resolving a Rule 12(b)(6) motion, "of opinions and judgments in the underlying custody and child support proceedings, many of which were attached as exhibits to [the plaintiff's complaint")(citing Fed. R. Evid. 201(b)(2); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); and United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)). Thus, by separate order, the court has directed the Clerk to enter into this court's record a copy of the complaint filed by Terhonda Davis in the Circuit Court of Chilton County in Case No. DR-2014-900065.00.

Plaintiff asserts that Judge Reynolds violated several of his constitutional rights, including his rights to procedural due process, to the free exercise of religion, to petition the government for redress of grievances, and to a trial by jury. (See Doc. # 1-1, pp. 4-5).

**Judicial Immunity**

Plaintiff seeks judgment against the defendant for monetary damages in the amount of $1,000,000. (Doc. # 1, p. 2, ¶ 6). "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the '"clear absence of all jurisdiction."'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)(quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see Stump, 435 U.S. at 362 ("The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.").[5]

---

[5] Judicial immunity is an affirmative defense. Boyd v. Carroll, 624 F.2d 730,732-33 (5th Cir. 1980). It may, nevertheless, support dismissal for failure to state a claim on which relief may be granted, if the complaint itself establishes the defense. See Sibley, 437 F.3d at 1070 n. 2 ("We reject Sibley's argument that the failure to plead the affirmative defense of judicial immunity

5

Plaintiff complains of the defendant judge's conduct in issuing the writ of possession and his failure to set plaintiff's appeal of the unlawful detainer judgment for jury trial, to supply "evidence of jurisdiction" in the either of the two cases in which plaintiff is a party, and to reschedule the December 16, 2014 hearing on plaintiff's motion to set aside the writ of possession. Plaintiff seeks compensation from the defendant judge for orders he entered or failed to enter, and for the decisions that he made regarding how and whether to proceed in the cases pending before him.[6] Plaintiff alleges no extrajudicial conduct by the defendant and no encounters with him other than in court or in chambers. It is clear that plaintiff sues Judge Reynolds only for actions he took in his judicial capacity. Thus, Judge Reynolds is absolutely immune from plaintiff's claims for damages unless he acted in the "'clear absence of all jurisdiction.'" Bolin, 225 F.3d at 1239 (citation omitted).

Plaintiff contends that Judge Reynolds lacked jurisdiction to enter the writ of possession because the amount that plaintiff allegedly owed to Castleberry for his alleged

---

precludes dismissal, because dismissal is available, as in this case, when the defense is an obvious bar given the allegations"); see also LeFrere v. Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009)("If the complaint contains a claim that is facially subject to an affirmative defense, that claim may be dismissed under Rule 12(b)(6)); Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), *opinion reinstated on rehearing en banc*, 764 F.2d 1400 (11th Cir. 1985)("The claim may be adequately stated ... but in addition to the claim the complaint may include matters of avoidance that preclude the pleader's ability to recover. When this occurs, the complaint has a built-in defense and is essentially self-defeating.").

[6] Because plaintiff seeks monetary damages only and does not seek to set aside the state court's judgment, the *Rooker-Feldman* doctrine judgment does not bar this court's consideration of plaintiff's claims. See Sibley, 437 F.3d at 1070 n. 3 ("Sibley does not ask us to fix an erroneous state court judgment, which we could not do, but rather to award $10 million against each state court judge who participated in his cases. This alignment of parties distinguishes this case from a case where review under the *Rooker-Feldman* doctrine would be appropriate.").

unlawful detainer – $1500 – is less than the jurisdictional minimum of the circuit court, which has exclusive jurisdiction in civil action involving amounts exceeding $10,000 and concurrent jurisdiction with the district court for civil actions involving amount between $3,000 and $10,000. (See Doc. # 1-1, p. 2). Plaintiff does not state the basis for his challenge to the state circuit court's jurisdiction in the domestic relations case.

In the latter case, Terhonda Davis sued plaintiff for a divorce. (See Complaint in Circuit Court Case No. CR-2014-900065.00). Alabama circuit courts have jurisdiction in divorce proceedings. Ala. Code, § 30-2-1. Additionally, the writ of possession giving rise to plaintiff's claim for damages was not issued in an action filed originally in the state circuit court. Instead, it was entered in the unlawful detainer action (Circuit Court Case No. CV-2014-000065.00) that plaintiff brought before the circuit court on appeal from the district court's judgment. (See Doc. # 1-1; Doc. # 1-2, p. 1 (judicial inquiry complaint identifying case name as "Edgar Castleberry -vs- Sadaka Davis Leslie Childers"), p. 2 (notice of appeal bearing same case name and the district court case number), p. 7 (case action summary in Circuit Court Case No. CV-2014-000065.00, appeal from district court), and p. 8 (plaintiff's motion to set aside writ of possession, filed in Castleberry v. Davis and Childers, "Case # CV-2014-65 SIBLEY G. REYNOLDS Circuit Court")). As noted above, plaintiff filed the notice of appeal on November 18, 2014, and Judge Reynolds issued the writ eight days thereafter, on November 26, 2014. (See Doc. # 1-2, pp. 6-7, 11). The circuit court acquired subject matter jurisdiction over the unlawful detainer action when plaintiff filed his notice

of appeal.[7] See Ala. Code, § 6-6-350 (permitting appeal to the circuit court of district court's unlawful detainer judgment); cf. Darby v. Schley, 8 So.3d 1011 (Ala. Civ. App. 2008)("A circuit court may not exercise jurisdiction over an unlawful-detainer action until the district court has adjudicated the unlawful-detainer action and one of the parties has appealed to the circuit court."); see generally, Ex parte Safeway Ins. Co. of Alabama, Inc., 148 So.3d 39, 42-43 (Ala. 2013)("Subject matter jurisdiction is a simple concept: Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong. ... In determining a trial court's subject-matter jurisdiction, this Court asks only whether the trial court had the constitutional and statutory authority to hear the case. Problems with subject-matter jurisdiction arise if, for example, a party files a probate action in a juvenile court, a divorce action is a probate court, or a bankruptcy petition in a circuit court, because the nature or class of those actions is limited to a particular form with the authority to handle them.")(citations and internal quotation marks omitted).

The Circuit Court of Chilton County had subject matter jurisdiction over both plaintiff's appeal of the unlawful detainer judgment and the divorce action brought against the plaintiff and, therefore, the defendant judge's actions giving rise to plaintiff's claims were not performed in the "clear absence of all jurisdiction." Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985)(*en banc*)(judges having subject matter jurisdiction of a case enjoy absolute immunity from § 1983 claims for damages). Thus, the defendant judge is entitled

---

[7] The subject matter jurisdiction of the state court is a matter of law, and the court need not accept as true plaintiff's allegation that the court lacked jurisdiction.

to absolute judicial immunity from plaintiff's claims for relief even if, as plaintiff contends, the defendant's acts were erroneous or in excess of his authority. Id.; Bolin, 225 F.3d at 1239 (absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction")(citing Stump, 43 5 U.S. at 356).[8]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B), as plaintiff's claims for relief are

---

[8] In Stump, the Supreme Court instructed that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" 435 U.S. at 356-57 (quoting Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)). The Court quoted Bradley's explanation of the difference between an act performed in the "clear absence of jurisdiction" and one performed "in excess of jurisdiction," as follows:

> "A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of this determination in these particulars the validity of his judgments may depend."

Stump, 435 U.S. at 356 n. 6 (quoting Bradley, 13 Wall. at 351). The Court further observed that, "[i]n Bradley, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples: if a probate judge, with jurisdiction over only wills and estates, would try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." Stump, 435 U.S. at 357 n. 7 (citing Bradley, 13 Wall. at 352).

9

barred by the defendant's absolute judicial immunity.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before January 28, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 14th day of January, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE